# In the United States Court of Federal Claims

No. 26-792C
(Filed: October 22, 2026)
NOT FOR PUBLICATION

* * * * * * * * * * * * * * * * * * * * * * * * *

NORMAN BARTSCH HERTERICH,

*Plaintiffs*,

v.

THE UNITED STATES,

*Defendant*.

* * * * * * * * * * * * * * * * * * * * * * * * *

## OPINION

This case concerns plaintiff's long, unsuccessful, and now quixotic quest to assert his rights to his father's estate in California. After finding no success in the California state courts and then federal courts, he filed the present suit as a self-described "collateral attack," seeking damages from the United States under a variety of theories for the dismissal he faced in federal district court. Defendant has moved to dismiss for lack of subject matter jurisdiction. That motion is fully briefed, and oral argument was held on September 9, 2026. As explained below, the motion must be granted because there is no contract or constitutional provision that would give rise to an action for damages in this court.

## BACKGROUND[1]

Plaintiff's difficulties began with the alleged failure of the probate court in California to provide Mr. Herterich with notice of the proceedings regarding his late father's estate. Plaintiff asserts that he received no notice of his father's death or of the probate proceedings. Plaintiff was not named as a beneficiary in the will that was accepted and probated. Mr. Herterich filed several lawsuits in the state courts, including a petition in the probate

---

[1] We assume the asserted facts in the complaint to be true for purposes of ruling on the motion.

proceedings, claiming a share as a pretermitted issue of the deceased. *See Estate of Bartsch*, No. A135322, 2014 WL 338784 (Cal. Ct. App. Jan. 30, 2014). He lost summary judgment on the issue and his petition was dismissed. *Id.* at *2 (affirming grant of summary judgment). He also tried a state court collateral attack, suing the executor and his attorney for civil fraud, which was ultimately dismissed as well. *Herterich v. Peltner*, 29 Cal. Rptr. 3d 774 (2018).

Plaintiff then brought several suits in the United States District Court for the Northern District of California, acting *pro se*, alleging that the probated will was fraudulent and that the state courts' refusal to hear his claim for relief was a violation of his due process rights. *E.g. Herterich v. Goldsmith*, NO. C 20-3922 SBA, 2020 WL 6576164 (N.D. Cal. Oct. 9, 2020). These suits were dismissed based on the application of the *Rooker-Feldman* doctrine, which teaches that the lower federal courts lack jurisdiction over state law causes of action because only the United States Supreme Court has jurisdiction to hear such questions when brought as an appeal from the highest court of any state. *Herterich v. Goldsmith*, No. 20-17197, 2021 WL 5277098 (9th Cir. Nov. 12, 2021) (affirming the district's dismissal and reliance on the *Rooker-Feldman* doctrine).[2] Plaintiff believes these holdings to be in error, but rather than abide by the Ninth Circuit's decisions on the issue, he filed suit in this court in a collateral attempt at recovery from the federal government for the state court's failure to afford him relief.[3]

Plaintiff argues that the federal courts' refusal to reach the merits of plaintiff's claims is a breach of an implied contract, violates plaintiff's due process rights, and constitutes a taking without just compensation of his property rights in his probate claims. Defendant has moved to dismiss for lack of jurisdiction. That motion is fully briefed, and oral argument was held

---

[2] *Rooker-Feldman* refers to two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983), in which the Court made clear that, statutorily, only the Supreme Court could hear a direct appeal from a state court.

[3] Plaintiff instituted a parallel proceeding in the Northern District of California that was styled against the city of San Francisco. That suit met the same fate for the same reason. *See Herterich v. San Francisco*, No. 20-16286, 2021 WL 5277090 (9th Cir. Nov. 12, 2021), *cert. denied* 143 S. Ct. 99 (2022).

on September 9, 2026. As we announced at the conclusion of oral argument and as more fully explained below, the complaint must be dismissed for lack of jurisdiction.

DISCUSSION

The thrust of defendant's motion is that plaintiff's claims are collateral attacks on the judgments of the federal courts which denied him relief. Such an action would necessarily require this court to pass on the merits of those other courts' decisions. Because this court has no appellate jurisdiction over those courts, such an action is outside of our jurisdiction, according to the government.

Plaintiff goes to great lengths in his response to explain why this is not an appeal. He acknowledges that the complaint is a collateral attack but asserts that the government has conflated the import of a collateral attack with that of a direct appeal. Plaintiff urges that the relief sought in this court would leave undisturbed the judgments of the district court and the Ninth Circuit, and therefore no appellate jurisdiction is required to hear his claims in this court.

Plaintiff's inventive arguments center on the idea that by failing to reach the merits, plaintiff was denied either his constitutional or contractual rights by the federal courts. Put another way, the courts had either a contractual or constitutionally mandated duty to reach and adjudicate the merits of plaintiff's complaints. We disagree. In any event, even if it we could avoid assessing the merits of those decisions, whatever our review consisted of would still have to be grounded in some right, the violation of which entitled him as a matter of law to money damages from the United States. *See generally Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008).

We begin with our jurisdiction, primarily anchored in the Tucker Act, codified at 28 U.S.C. § 1491, which reads, in pertinent part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding

in tort.

This means that, in order to come within our jurisdiction, a plaintiff must plead a positive source of law, such as a contract, or a provision of the Constitution or a statute or regulation, which reasonably can be read to mandate that he be paid money or, that the violation of such a right could be reasonably imply a remedy in money damages. *See Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (citing *United States v. Mitchell*, 463 US 206, 217 (1983)). We are aware of no such provision here.

As defendant rightly points out in its reply brief, it is well settled that the Fifth Amendment's Due Process Clause is not a "money-mandating" source of law.[4] *E.g. Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995) (collecting cases as far as back as 1977 holding that the Due Process Clause provides no basis for a Tucker Act claim).

One clause of the Fifth Amendment can give rise to an obligation to payment on the part of the government, and that is the Takings Clause. Plaintiff cannot avail himself of that provision, however, because it is equally well settled that a collateral attack on a district or bankruptcy court's judgment pursuant to the Takings Clause is an improper invocation of the Tucker Act and is outside of our jurisdiction. *See*, *e.g.*, *Shinnecock Indian Nation v. United States*, 782 F.3d 1345 (Fed. Cir. 2015) (holding that the tribe's taking claim was an impermissible collateral attack on the judgments of the district and bankruptcy courts and thus outside of this court's

---

[4] Claims for lack of equal protection against the federal government are rooted in the Fifth Amendment's Due Process Clause and are equally unavailing under the Tucker Act. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). The Complaint also contains a passing reference to an illegal exaction, a theory sometimes described as rooted in the Due Process Clause. *E.g. Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005) (" An illegal exaction involves a deprivation of property without due process of law, in violation of the Due Process Clause of the Fifth Amendment"). Although our jurisdiction over such a claim is undisputed, plaintiff's bare assertion is insufficient to keep the matter alive. Plaintiff has not pled that any federal government action affirmatively took, or *exacted*, any monies from him that were in his possession prior to the exaction, all necessary elements of a properly pled illegal exaction claim. *See, e.g.*, *Eastport Steam Ship. Corp. v. United States*, 372 F.2d 1007-1008 (Ct. Cl. 1967).

jurisdiction).[5]

That leaves the contract theory, which rests on an alleged implied-in-fact contract arising out of the district court's acceptance of the complaints filed there and the filing fees collected. Like the allegations above, however, there is no question that such a theory is unfounded and, in any event, outside of our jurisdiction. No contract with the filer of a complaint arises when a federal court dockets a complaint and accepts a filing fee. *Jaye v. United States*, 781 F. App'x 994, 997 (Fed. Cir. 2019). Thus no contract with the federal government has been properly pled and no basis for a Tucker Act action is found under this theory. *Id.*

CONCLUSION

In sum, plaintiff has not identified a valid source of money-mandating authority on which a Tucker Act cause of action could rest. Absent that, dismissal for lack of jurisdiction is mandated. *See* RCFC 12(h)(3); *Fisher*, 402 F.3d at 1173 ("When a complaint is filed alleging a Tucker Act claim based on a Constitutional provision, statute, or regulation, see 28 U.S.C. § 1491(a)(1), the trial court at the outset shall determine, either in response to a motion by the Government or *sua sponte* . . . whether the Constitutional provision, statute, or regulation is one that is money-mandating."). In the alternative, all of plaintiff's allegations warrant dismissal for failure to state a claim. It is plain that a jurisdictional dismissal is neither a due process violation nor a Fifth Amendment taking. Reaching the merits of a claim over which a court has no subject matter jurisdiction would be improper, which is why courts of limited jurisdiction must always make a threshold determination of subject matter jurisdiction. Nor is such a dismissal a breach of any contractual duty.

---

[5] At oral argument, we asked plaintiff what property interest was taken by the district court's dismissals. The answer was Mr. Herterich's chose in action, i.e., presumably, whatever legal claim he has against the state of California for failing to afford him relief from the outcome of the probate proceedings. Though unnecessary to our jurisdictional holding, we note that the district court's dismissal on jurisdictional grounds cannot have operated as a disposition of plaintiff claim. A jurisdictional dismissal does not go to the merits and has no preclusive effect. Even assuming, *arguendo*, that plaintiff has a property right in such a cause of action, the district court's decision not to take jurisdiction over it had no effect on the underlying claim, and thus the Takings Clause is not implicated.

The Complaint must be dismissed. Accordingly, defendant's motion is granted, and the Clerk of Court is directed to dismiss the Complaint for lack of jurisdiction and to enter judgment accordingly.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge